UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                Plaintiff,

-against-

ANTHONY J. ANNUCCI, *et al.*,

                Defendants.

19-CV-10039 (CM)

ORDER TO SHOW CAUSE

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated December 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court directs Plaintiff to show cause why this matter should not be dismissed as time-barred.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's IFP *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arise from events that occurred in Green Haven Correctional Facility in 2014. The following allegations are taken from the 102-page complaint, in which Plaintiff separates his assertions into eight claims. He sues 21 defendants.

### A. Claim One

In Claim One, Plaintiff asserts claims against John Doe Green Haven Corrections Emergency Response Team ("CERT") Officer #66-21-13 ("John Doe #66-21-13") and his partner, named in the complaint as another John Doe CERT Officer, and six John Doe CERT officers from Elmira Correctional Facility.

On September 16, 2014, while Green Haven Correctional Facility was on lockdown,[2] John Doe #66-21-13 and his partner ordered Plaintiff out of his cell to be escorted to the Body Orifice Scanning System ("BOSS") chair. While Plaintiff was in the BOSS chair, CERT officers from Elmira Correctional Facility arrived at Green Haven to assist in conducting cell searches.[3] The John Doe Elmira CERT officers "recognized" Plaintiff in the BOSS chair.[4] Plaintiff alleges that the Elmira officers said to John Doe #66-21-13 the following: "There's Gunn – he's here now! He's a piece of shit! Get him! He got Schieber suspended! 'Gunn,' you're a piece of shit! Get him! I wish I was searching his cell! Get him! 'Gunn' is accusing everyone of grabbing his ass." (ECF No. 2, at 10.) The Green Haven John Does replied that they "will take care of it." (*Id.* at 11.)

Plaintiff then observed John Doe #66-21-13 reading through his legal papers, in which Plaintiff accuses a "C.O. Perry" of sexual assault. When John Doe #66-21-13 discovered that Plaintiff was accusing an officer of sexual assault, John Doe #66-21-13 "viciously punched" Plaintiff in the back and in the back of the head while Plaintiff was standing and facing the wall

---

[2] Plaintiff alleges that Green Haven was "on lock-down for prison official misconduct" from September 14, 2014 through September 18, 2014. (ECF No. 2, at 9.)

[3] The complaint provides no additional information about why correction officers from Elmira Correctional Facility were conducting cell searches in Green Haven.

[4] The complaint suggests, but does not explicitly state, that Plaintiff was previously incarcerated in Elmira Correctional Facility.

3

with both of his hands up against the wall. (*Id.* at 12.) John Doe #66-21-13 then exited Plaintiff's cell, slammed the door, and yelled, "you're a snitch" loudly enough for the other inmates to hear. (*Id.*)

Plaintiff asserts that he "was in fear for his life" following this incident. (*Id.* at 13.) When Plaintiff went to sick call on September 18, 2014, medical staff found a bruise on Plaintiff's back, and Plaintiff maintains that he was "unable to move" and that he had difficulty breathing. (*Id.*)

**B.     Claim Two**

In Claim Two, Plaintiff asserts claims of deliberate indifference to his medical needs against Sergeant Dragoon, Sergeant Cocuzza, registered nurse Pauline Long-Kutoy, and Dr. Vishwas Bhopale.

Plaintiff alleges that Dragoon, Long-Kutoy, and Cocuzza all made remarks to Plaintiff suggesting that he would face retribution, including solitary confinement, if he filled out an ambulatory health report indicating that he was assaulted by a correction officer.[5] (*Id.* at 21, 23, 26.) Plaintiff alleges that Dr. Bhopal "misdiagnosed" him by "misconstruing" two dates. (*Id.* at 29.)

**C.     Claim Three**

Plaintiff alleges that Thomas Melville, a Captain at Green Haven, "was well aware of the facts of Plaintiff's repeated sexual assaults, sexual abuses, sexual harassments, retaliations, intimidations, and threats, from statements, reports, and[/]or investigations, then failed to act, to

---

[5] It appears Plaintiff is referring to filling out a report and seeing a doctor regarding the injuries he received on September 16, 2014 that are the basis of Claim One.

protect and[/]or prevent Plaintiff from substantial risk to serious harm caused by the Elmira C.E.R.T. team." (*Id.* at 34.)

Plaintiff cites reports from 2006 and 2010 published by the Correctional Association of New York Prison Visiting Project ("Correctional Association"), which found a high level of staff sexual abuse of inmates at Elmira.[6] He states that a "genuine issue of material fact of law exists" as to whether Melville knew, based on the Correctional Association reports, that the Defendant Elmira CERT officers "would act unlawfully and have no respect for the rule of law," and failed to stop them from doing so. (*Id.* at 38-39.)

### D. Claims Four through Eight

In Claims Four through Eight, Plaintiff asserts claims against Green Haven Deputy Superintendent for Security Burnett, Superintendents Thomas R. Griffin and Willam Lee, New York State Department of Corrections and Community Supervision ("DOCCS") Acting Commissioner Anthony Annucci, and DOCCS Chief Medical Officer Carl Koenigsmann. Plaintiff's claims against these Defendants are similar to those claims he asserts against Melville in Claim Three. That is, he asserts that these Defendants were aware of sexual abuses directed at Plaintiff and were aware of the Correctional Association reports, but failed to supervise their subordinates and failed to protect Plaintiff.

## DISCUSSION

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period

---

[6] Plaintiff appears to indicate that the Correctional Association report is attached to the complaint as Exhibit B, but the complaint does not include any attachments or exhibits.

is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff's claims arise from events that occurred in September 2014. He therefore had until September 2017 to file this action. Plaintiff filed the complaint on October 25, 2019, over two years after the statute of limitations expired.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him 60 days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make

6

narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause why the Court should not dismiss his § 1983 claims as time-barred. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within 60 days of the date of this order, and label the document with docket number 19-CV-10039 (CM). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 27, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**AFFIRMATION FOR TIMELINESS**

I, _____, make the following Affirmation under the
 (List the full name of the plaintiff/movant/petitioner.)

penalties of perjury:

    I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this Affirmation in response to the Court's order dated _____. This action should not be time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| _____ | _____ |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address            City | State    Zip Code |
| _____ | _____ |
| Telephone Number | E-mail Address (if available) |