UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                                    Plaintiff,

                -against-

ANTHONY J. ANNUCCI, *et al.*,

                                    Defendants.

19-CV-10039 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in Green Haven Correctional Facility. By order dated December 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

Plaintiff names as Defendants Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") Anthony Annucci; Drs. Frederick Bernstein and Vishwas Bhopale; Green Haven Correctional Facility Deputy Superintendent Burnet; Sergeant Robert Cocuzza; John Doe Corrections Emergency Response Team ("C.E.R.T.") officer #66-21-13 and his John Doe partner; six John Doe C.E.R.T. officers from Elmira Correctional Facility; Sergeant Dragoon; Green Haven Correctional Facility Superintendent Thomas R. Griffin; DOCCS Deputy Commissioner Dr. Carl J. Koenigsmann; Registered Nurse Pauline Long-Kutoy; Green Haven Superintendent William Lee; Green Haven Deputy Superintendent Lynn Lilley; and Captain Thomas Melville.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Claims Against Annucci, Burnet, Griffin, Koenigsmann, Lee, Lilley, and Melville

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how Annucci, Burnet, Griffin, Koenigsmann, Lee, Lilley, and Melville were personally involved in the events underlying his claims. Rather,

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

his allegations against these Defendants largely consist of boilerplate legal conclusions. For example, Plaintiff alleges that Captain Melville "was well aware of the facts of [P]laintiff's repeated sexual assaults, sexual abuses, sexual harassments, retaliations, intimidations, and threats, [f]rom statements, reports and[/]or investigations, then [f]ailed to act, to protect and[/]or prevent [P]laintiff [f]rom substantial risk to serious harm caused by the Elmira C.E.R.T. Team." (ECF No. 2, at 34.) Plaintiff further alleges that Melville is "employed in a position of control [and] created a custom under which unconstitutional practices occurred of assaults, abuses, harassment and retaliation [f]or reporting assaults, sexual abuse and harassment."[3] (*Id.* at 34-35.) Under Rule 8, the Court need not accept such "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To the extent that Plaintiff alleges specific facts regarding these Defendants, he fails to state a plausible claim for relief. The complaint cites two reports – one report from 2006 and one report from 2010 – published by the Correctional Association of New York Prison Visiting Project ("CA") that found high rates of reported sexual abuse at Elmira Correctional Facility.[4] Plaintiff asserts that, based on the existence of these reports, these Defendants knew that their subordinates "would act unlawfully and have no respect for the rule of law and [f]ailed to stop

---

[3] Plaintiff's claims against the other Defendants discussed in this section are substantively the same, if not identical. For example, Plaintiff alleges that Thomas Griffin "was well aware of the repeated abusive assaults, abuses, repeated sexual assaults, sexual abuses, sexual harassment and retaliations, threats and intimidations through investigations, reports, and documents about, by and [f]rom the plaintiff. As it happens, with deliberate indifference refused to take corrective action and[/]or remedy the wrongs." (*Id.* at 56-57.) Similarly, Plaintiff alleges that Griffin "whom is in a position of control created a custom under which unconstitutional practices occurred of abusive assaults, abuses, harassment, retaliation for reporting assaults, sexual abuse and sexual harassments during pat frisks." (*Id.* at 57.)

[4] The complaint includes quotations from the CA reports and indicates that the reports themselves are annexed to the complaint, but the complaint does not include any attachments or exhibits.

them from doing so."[5] (*Id.* at 38-39.) But he fails to allege any facts connecting the CA reports to events underlying this action. In other words, he does not plead facts explaining why reports of sexual abuse in Elmira in 2006 and 2010 are relevant to allegations that these Defendants failed to protect him from the harm complained of in this action: Green Haven officers subjecting him to excessive force in retaliation for filing grievances, and subsequently discouraging or preventing him from seeking medical attention.

The Court therefore dismisses Plaintiff's claims against Annucci, Burnet, Griffin, Koenigsmann, Lee, Lilley, and Melville. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In recognition of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint should he wish to provide facts to support a claim against them.

## B.       Service on Remaining Identified Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an

---

[5] Plaintiff again asserts similar, if not identical, claims against each of these Defendants. (*See, e.g.*, *id.* at 58-59.)

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Bernstein, Bhopale, Cocuzza, Dragoon, and Long-Kutoy through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[6]

---

[6] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**D.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John Doe defendants. They include Green Haven C.E.R.T. officer #66-21-13; the Green Haven C.E.R.T. officer who was working with Officer #66-21-13 at approximately 5:00 pm on September 16, 2014; and the six C.E.R.T. officers from Elmira Correctional Facility who were working at Green Haven at approximately 5:00 pm on September 16, 2014. The Court therefore orders that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where these defendants may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants and directing them to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses with leave to replead Plaintiff's claims against Annucci, Burnet, Griffin, Koenigsmann, Lee, Lilley, and Melville.

The Court directs the Clerk of Court to complete the USM-285 forms with the addresses for Defendants Bernstein, Bhopale, Cocuzza, Dragoon, and Long-Kutoy, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court also directs Defendants Bernstein, Bhopale, Cocuzza, Dragoon, and Long-Kutoy to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York at 28 Liberty Street, 16th Floor, New York, New York 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     April 16, 2020
           White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  Dr. Frederick N. Bernstein, Health Service Director
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582-0010

2.  Dr. Vishwas Bhopale, M.D.
    Green Haven Correctional Facility
    594 Route 216

3.  Sergeant Robert J. Cocuzza
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582-0010

4.  Sergeant Dragoon
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582-0010

5.  Pauline Long-Kutoy, Registered Nurse
    Green Haven Correctional Facility
    594 Route 216
    Stormville, NY 12582-0010