UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
DARRELL GUNN,

           Plaintiff,          MOTION TO VACATE
                                        JUDGMENT
                                        Fed. R. Civ. P 60b(1)

  -Against-                           19-CV-10039 (CS)

ANTHONY ANNUCCI, et Al.

           Defendants.
----------------------------------------------------X




**PLEASE TAKE NOTICE,** that upon the annexed affidavit of DARRELL GUNN, being duly sworn to on the 21 day of December 2023, the attached all papers, and proceedings heretofore had, a motion will be made, in the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, or as soon thereafter as petitioner's may be heard, for an order, an independent action pursuant to Rule 60 (b) (1), to reconsideration of its order to vacate and set aside the judgment made on July 21, 2021 for the following reasons.

There was a mistake, inadvertences and or excusable neglect when grievance complaint GH-79334-15 was finally exhausted by C.O.R.C on November 2, 2016. Plaintiff was well within a 3-year time limit of P.L.R.A. Section 1997 (e) (a) when Plaintiff filed a claim on October 25, 2019.

This motion is based upon declaration of Darrell Gunn, filed and attached to this motion to vacate judgment upon the attached papers upon the Record and filed in this action, and upon testimony to be presented before this Court on the hearing of this motion.

Dated: December 26, 2023
Fallsburg, New York

Respectfully submitted,

*Darrell Gunn*
Darrell Gunn, 03B2443
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116

===================================================================

To:
Clerk of the Court
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Jennifer Gashi, Esq.
Assistant Attorney General
44 South Broadway
White Plains, N.Y. 10601

---

Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) is denied.  Such motions must be made within one year of entry of judgment.  Fed. R. Civ. P. 60(c)(1).  Judgment in this case was entered on July 21, 2021, so the motion is untimely.  Further, it is in any even without merit.  That Plaintiff was not aware of the PLRA exhaustion requirement is unavailing.  Generally speaking, ignorance of the law is no excuse.  Singletary v. Fischer, 227 F.R.D. 209, 219 (E.D.N.Y. 2003).  More fundamentally, it was not the exhaustion requirement but the three-year statute of limitations that doomed Plaintiff's claims.  In other words, the claims were dismissed because Plaintiff did not sue within three years of the events about which he complains.  The three years starts to run from the date of injury, not the date of CORC's decision.  See Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  The Clerk of Court is respectfully directed to send a copy of this endorsement to Plaintiff at the address above, and to terminate ECF No. 48.

SO ORDERED.

1/3/24

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.